UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ADRIENNE WILLIAMS,

    Plaintiff,

    -v-

BRIAN FISCHER, Commissioner, New York
State Department of Corrections and Community
Supervision; E.J. LOWERRE, Deputy Superintendent,
Albion Correctional Facility; DR. NATHAN, Physician;
RN BUTTONS, Nurse; J. STAEBELL, Nurse
Administrator, Albion Correctional Facility;
DR. RIM, Facility Health Services Director, Albion
Correctional Facility,

    Defenndants.

**DECISION AND ORDER**
13-CV-0118Sc



---

## INTRODUCTION

Plaintiff, Adrienne Williams, an inmate of the Albion Correctional

Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983

(Docket No. 1) and has both requested permission to proceed *in forma*

*pauperis* and filed a signed Authorization (Docket Nos. 2, 5 and 6). Plaintiff

claims that defendants, both supervisory officials and non-supervisory

medical personnel, violated her rights when they discontinued certain

prescription medications based on a claim that she "cheeked" the

medications and failed to properly provide her proper medical care and

treatment following surgery. For the reasons discussed below, plaintiff's

request to proceed as a poor person is granted, her claims against Commissioner Brian Fischer, Deputy Superintendent Lowerre, and Dr. Rim, Facility Health Services Director, are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims against Dr. Nathan, Nurse Buttons, and Nurse Administrator Staebell.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551

U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims against Commissioner Fischer, Deputy Superintendent Lowerre and Dr. Rim, are diismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because they fail to state a claim upon which relief may be granted against said defendants.

## A. SUPERVISORY LIABILITY

Plaintiff's allegations against Commissioner Fischer, Deputy Superintendent Lowerre and Dr. Rim are based solely on their roles as supervisory officials with the Department of Corrections and Community Supervision ("DOCCS") or Albion Correctional Facility. (*E.g.*, Complaint, ¶ 28.) There are no allegations that these defendants were personally involved in the discontinuance of plaintiff's prescription medication or the lack of proper follow up medical care after plaintiff's surgery.

A prerequisite for liability under a § 1983 claim is personal involvement by

the defendants in the alleged constitutional deprivation. *Sealey v. Giltner*, 116

F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir.

1986). Such involvement on the part of a supervisory official may be shown in

one of several ways:

> if he or she (1) directly participated in the violation; (2)
> failed to remedy the violation after learning of it through a
> report or appeal; (3) created a custom or policy fostering
> the violation or allowed the custom or policy to continue
> after learning of it; or (4) was grossly negligent in
> supervising subordinates who caused the violation.

*Sealey*, 116 F.3d at 51 (citing *Williams v. Smith*, 781 F.2d at 323-24); *see also*

*Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) (including a fifth way in which

a supervisory official may be shown to have been personally involved in the

alleged constitutional deprivation).[1]

As noted, plaintiff's claims against these defendants do not include any

allegations that these defendants were personally involved in the denial of proper

medical care and treatment. (Complaint, ¶ 28.) *See Colon*, 58 F.3d at 874 ("The

bare fact that [the defendant] occupies a high position in the New York prison

hierarchy is insufficient to sustain [plaintiff's] claim"); *see also Richardson v.*

*Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam) ("[M]ere linkage in the

---

[1]"Following the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009), there is some disagreement among district courts in this Circuit as to whether all of the [five] "Colon factors" still apply. It is unclear whether *Iqbal* overrules or limits *Colon*, therefore, in the absence of contrary direction from the Second Circuit, the Court will continue to apply those factors." *Jackson v. Goord*, 2011 WL 4829850, at 9, n.21 (W.D.N.Y., Oct. 12, 2011) (CJS) (citations omitted)).

prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." (internal quotation marks omitted)).

The only non-conclusory allegation against Deputy Superintendent Lowerre is that he was negligent because he was asked for assistance but indicated that plaintiff was receiving proper care from medical staff. This too is insufficient to state a claim of personnel involvement. Supervisory officials are generally permitted to rely on the opinions of medical staff concerning the correct course of treatment. *See White v. Farrier*, 849 F.2d 322, 327 (8th Cir. 1988); *Smiley v. Westby*, 1994 WL 519973, at *8 (S.D.N.Y. 1994) ("[A] warden who receives assurances from his medical staff that an inmate is receiving appropriate care will ordinarily be insulated from § 1983 liability."); *Liscio v. Warren*, 718 F.Supp. 1074, 1082 (D.Conn. 1989) (granting summary judgment to a prisoner administrator who, "justifiably may defer to the medical experts regarding treatment of inmate/patients" when there is no evidence that the administrator was reckless in the supervision of subordinates), *rev'd on other grounds*, 901 F.2d 274 (2d Cir. 1990). The only relevant allegation against Dr. Rim is that he was negligent[2] for failing in "his duty to ensure health services personnel [were] performing their duties in accordance in with the community standard of care for [plaintiff's]

---

[2] Negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

condition." ((Complaint, ¶ 28.) There are no non-conclusory allegations of personnel involvement against Commissioner Fischer.

A claim which fails to demonstrate a defendant's personal involvement in the alleged constitutional deprivation is subject to *sua sponte* dismissal. *Sealey, id.* Because plaintiff's claims fail to allege that these supervisory officials were personal involved in the alleged constitutional deprivations, the claims against them are dismissed with prejudice.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, her request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against Brian Fischer, E.J. Lowerre and Dr. Rim are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on Dr. Nathan, RN Buttons and J. Staebell.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims against Brian Fischer, E.J. Lowerre and Dr. Rim are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate

defendants Brian Fischer, E.J. Lowerre and Dr. Rim as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers,

and to cause the United States Marshal to serve copies of the Summons,

Complaint, and this Order upon Dr. Nathan, RN Buttons and J. Staebell without

plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates

by monetary award in plaintiff's favor;[3]

FURTHER, the Clerk of the Court is directed to forward a copy of this

Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo

Regional Office <Michael.Russo@ag.ny.gov>;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are

directed to respond to the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT JUDGE


Dated:  June 12, 2013

---

[3] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.