UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADRIENNE WILLIAMS,

                Plaintiff,

                        **Hon. Hugh B. Scott**

                        13CV118

                v.

                        **Order**

BRIAN FISCHER, et al.,

                Defendants.

Before the Court is plaintiff's motion granting her leave to amend her pro se Complaint (cf. Docket No. 1), and to reopen discovery for limited categories (Docket No. 45). The current Amended Scheduling Order (Docket No. 44) scheduled plaintiff's present motion to be filed by April 24, 2015, and held in abeyance the dispositive motion deadline (see also Docket Nos. 40, 42, 46). Responses to this motion were due by May 15, 2015, and replies were due by May 22, 2015 (Docket No. 46). In support of her motion, plaintiff filed her new attorney's Declaration (with the proposed Amended Complaint and redline version as exhibits); her Memorandum of Law (Docket No. 45) and her attorney's Reply Declaration (Docket No. 48). In opposition, defendants submit their attorney's Declaration (Docket No. 47).

BACKGROUND

This is a civil rights action initially commenced by plaintiff as an inmate pro se, alleging deliberate indifference in denying her pain medication in April 2012 and insufficiently treating her complications from a hysterectomy while incarcerated at the Albion Correctional Facility in

September 2010 (Docket No. 1, Compl.). She moved for leave to proceed in forma pauperis (Docket No. 2), which was granted in part, although some defendants (Fischer, Rim, and Lowerre) were dismissed (Docket No. 7). Defendants answered (Docket No. 11).

Plaintiff applied for appointment of counsel (Docket Nos. 15, 21) and was denied (Docket Nos. 17, 22). Plaintiff later was released (Docket No. 45, Pl. Atty. Decl. ¶ 20; see Docket No. 23) and, on May 9, 2014, renewed her request for appointment of counsel (Docket No. 27; see also Docket No. 36). On January 13, 2015, this Court appointed Sheldon Smith, Esq., to represent plaintiff (Docket No. 40).

*Plaintiff's Motion for Leave to Amend Complaint and Reopen Discovery*

Plaintiff now moves to amend the Complaint to delete from the caption and document defendants that were dismissed from the action (Docket No. 45, Pl. Atty. Decl. ¶¶ 4, 6, Exs. A, B). She also seeks to clarify and update and reinforce certain allegations (id.). She wants to reopen discovery (which was due under the Amended Scheduling Order to be completed by August 7, 2014, Docket No. 28; Docket No. 45, Pl. Atty. Decl. ¶ 11) for her deliberate indifference claims and to depose remaining defendants and other witnesses (Docket No. 45, Pl. Atty. Decl. ¶¶ 14, 22-23). For example, plaintiff points out that defendants' claim that she would "cheek" medication, hence denying further medicine, but did not document the violation creates a factual dispute and a justification to explore in discovery (id. ¶ 15). The underlying documents for plaintiff's disciplinary proceedings were not produced (id. ¶ 17).

Defendants object to leave to amend the Complaint since the Scheduling Order (and its subsequent amendments) did not extend plaintiff's deadline to amend pleadings (Docket No. 47, Defs. Atty. Decl. ¶ 8). They also contend that any amendment would be futile since denial of

medication is not a due process violation (id. ¶¶ 12-13) and fails to state a claim because they are time barred under the applicable statute of limitations (id. ¶¶ 14-15). The newly alleged deprivation of due process surrounding the denied medication occurred on April 17, 2012, but plaintiff moved for leave on April 24, 2015, beyond the three-year statute of limitations under New York Civil Practice Law and Rules 214(2) (id. ¶¶ 17-18, 16).

Defendants also oppose reopening discovery since plaintiff was given her relevant medical records from the New York State Department of Corrections and Community Supervision ("DOCCS") and Strong Memorial Hospital within the discovery deadline of August 2014 (id.¶¶ 23-24). Defendants argue that depositions are not necessary to examine and interpret plaintiff's medical record (id. ¶ 28). As for her disciplinary record, defendants assert that the disciplinary records produced in their initial disclosure was complete, providing plaintiff's disciplinary history and the violation codes are listed within published department regulations (id. ¶¶ 29-32). Defendants next argue that fifteen of plaintiff's disciplinary incidents are for incidents not relevant to plaintiff's present claims (id. ¶¶ 33-36) and would be unduly burdensome to produce (id. ¶ 37). The remaining two disciplinary incidents involve charges of unauthorized medicine in July 2011, ten months prior to the incidents at issue in this case in April 2012 (id. ¶¶ 38-39, 40). Defendants conclude that these disciplinary incidents are not relevant to her case (id. ¶¶ 40, 37).

Plaintiff seeks to depose Dr. Gwendolyn Cole-Hoover, a former employee of DOCCS at Albion Correctional Facility, but defendants oppose and do not consent to plaintiff contacting Dr. Cole-Hoover (id. ¶ 48). Defendants, however, do not state why they oppose the contact or examination of a former employee.

In reply, plaintiff notes that defendants only oppose relief to her without citing authority for their opposition or stating any prejudice to them (Docket No. 48, Pl. Atty. Reply Decl. ¶ 3). Defendants seem not to oppose amending the caption of the Complaint or object to the aesthetic changes plaintiff proposes in her amendment (id. ¶¶ 4-5). Plaintiff denies that she is adding a procedural due process claim; rather, she argues that she is merely clarifying and enhancing claims already raised and those claims relate back to the earlier pleading, hence not time barred (id. ¶¶ 6-7, 10), see Fed. R. Civ. P. 15(c). She also denies that defendants suffered any prejudice from the amendment (id. ¶ 12).

As for reopening discovery, plaintiff replies that defendants do not claim any prejudice to reopening discovery while attempting to take advantage of plaintiff while she was a pro se litigant (id. ¶ 13) and equity favors a short extension of time for completing discovery where defendants received numerous extensions to file dispositive motions (id. ¶ 14). Plaintiff argues that defendants took away her medication as punishment and it was not a medical decision, hence the deposition of defendants, especially Dr. Nathan to explain the change in position regarding furnishing medication to plaintiff and the illegibility of some documents in her medical records should be held (id. ¶¶ 17, 18-19, 24, 26). This punitive denial of medication is also related to plaintiff's disciplinary history; hence discovery of that disciplinary record is relevant (id. ¶ 22).

DISCUSSION

I.   Applicable Standards

    A.   Amending Pleadings

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties (apparently not present here) or by leave of the Court. Under Rule 15(a) motions for leave to amend the complaint are to be freely given when justice requires. Granting such leave is within the sound discretion of the Court. Foman v. Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

An amendment to pleadings relates back to the date of the original pleading when the amendment asserts a claim that arose from conduct set out in the original pleading, Fed. R. Civ. P. 15(c)(1)(B).

    B.   Reopening Discovery

This Court has discretion to preserve its Scheduling Order or to extend deadlines therein upon a showing of good cause, Tota v. Bentley, No. 06CV514, 2008 U.S. Dist. LEXIS 61885, at *8 (W.D.N.Y. Aug. 12, 2008) (Scott, Mag. J.); Krawec v. Kiewit Constructors Inc., No. 11 Civ. 0123, 2013 U.S. Dist. LEXIS 37132, at *23 (S.D.N.Y. Mar. 1, 2013); Shapard v. Attea, No. 08CV6146, 2015 U.S. Dist. LEXIS 24651, at *5 (W.D.N.Y. Mar. 2, 2015) (Siragusa, J.).

Factors for determining good cause and the diligence of the moving party include "1) the imminence of trial; 2) whether the request is opposed; 3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; 4) prejudice to the non-moving party; and 5) whether further discovery is likely to lead to relevant evidence," Krawec, supra, 2013 U.S. Dist. LEXIS 37132, at *23; Shapard, supra, 2015 U.S. Dist. LEXIS 24651, at *5.

II.   Application

   A.   Leave to Amend

One of the purposes of appointing counsel is to assist plaintiff to assert viable claims, including amending pleadings to assert them. As noted, defendants do not object to the cosmetic aspects of the proposed amendments. Plaintiff is restating her due process claim that she (as a pro se litigant) raised originally and the amendment is not time barred. It is not futile to raise the amplified allegations plaintiff proposes in her amendment. The portion of her motion seeking leave to amend is **granted**. Plaintiff shall file and serve her Amended Complaint within seven (7) days of entry of this Order.

   B.   Reopening Discovery

Plaintiff argues that her pro se status should be considered a factor in granting a reopening of discovery (Docket No. 45, Pl. Memo. at 1, citing Tota, supra, 2008 U.S. Dist. LEXIS 61885, at *10). In Tota, plaintiff was moving as a pro se litigant, id. But defendants are arguing that plaintiff (while pro se) received sufficient discovery. This Court has reopened discovery following appointment of counsel to a pro se litigant where the trial in that case was not imminent, defendants were not prejudiced since the discovery would be conducted

6

expeditiously, and such discovery would lead to relevant evidence, Shapard, supra, 2015 U.S. Dist. LEXIS 24651, at *5-6.  Similarly, in this case, trial is not imminent (a District Judge has yet to be assigned to this case and the parties have not consented to proceeding before the undersigned as Magistrate Judge).  Although defendants oppose the request, they point to discovery produced prior to appointment of counsel for plaintiff.  Plaintiff's counsel did not foresee additional discovery here.  There is no prejudice to defendants in the limited discovery sought by plaintiff.  Finally, this discovery would lead to relevant evidence, for example explaining the decision to deny plaintiff medication and cryptic medical records.

As for the scope of plaintiff's proposed discovery, defendants specifically object to two areas:  production of plaintiff's disciplinary record and the deposition of Dr. Gwendolyn Cole-Hoover.  Plaintiff's disciplinary record is relevant since she claims that she was later denied medication as punishment.

Defendants fail to explain why the deposition of a former DOCCS employee, Dr. Cole-Hoover should not occur or plaintiff should be prevented from contacting her (cf. Docket No. 47, Defs. Atty. Decl. ¶ 48).  Although Dr. Cole-Hoover was an Albion doctor at the relevant time, that does not give defendants the basis to bar her examination.  While defendants may no longer control Dr. Cole-Hoover to be produced on a deposition notice, she may be subpoenaed.  But the present issue is whether to reopen discovery to (among other devices) hold Dr. Cole-Hoover's deposition.

As a result, plaintiff's remaining motion seeking to reopen discovery (Docket No. 45) is **granted**.

III.     Amended Schedule

In light of the disposition of the motion as discussed above, the Scheduling Order (Docket Nos. 13, 33, 44) needs to be restarted.  To allow the parties sufficient time to complete the limited discovery sought by plaintiff, discovery shall be completed by **August 28, 2015**; dispositive motions are due by **November 30, 2015**.  Upon the filing of a dispositive motion or if the deadline passes and no motions are filed, this case will be assigned to a District Judge for further adjudication.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 45) for leave to amend the Complaint is **granted** and her motion to reopen discovery is **granted**.  Plaintiff shall file and serve her Amended Complaint within seven (7) days of entry of this Order.  The Scheduling Order is amended as stated above.

So Ordered.

> /s/ Hugh B. Scott
> Hon. Hugh B. Scott
> United States Magistrate Judge

Dated: Buffalo, New York
      June 4, 2015